INHABITANTS OF DANVERS *vs.* INHABITANTS OF MIDDLETON.

Essex.    November 23, 1922. — June 25, 1923.

Present: RUGG, C.J., DeCOURCY, CROSBY, & CARROLL, JJ.

*Water Supply. Middleton. Danvers. Contract,* What constitutes.

Section 11 of St. 1910, c. 402, did not give to the town of Danvers a right to recover from the town of Middleton one fourth of the expense of a new conduit connecting Middleton Pond with Swan's Pond, built after the town of Middleton had accepted the provisions of the statute and had elected water commissioners but before it had taken any further steps toward supplying itself with water from a system of its own.

CONTRACT upon an account annexed for $6,499.15, being one fourth of the amount alleged to have been expended by the plaintiff in acquiring land for the purpose of installing a conduit to convey water from Swan's Pond in North Reading to Middleton Pond in Middleton, for the expense incurred in laying such conduit, in erecting and equipping a pumping station at Swan's Pond, in erecting poles and wires and acquiring rights of way for its electrical system, for furnishing power to the pumping station, and for other similar items.    Writ dated April 30, 1914.

In the Superior Court, the action was tried before *N. P. Brown,* J. Material facts are described in the opinion. By order of the judge, the jury found for the defendant. The judge then reported the action to this court for determination.

*H. E. Jackson,* for the plaintiff.

*J. J. Ronan,* for the defendant.

CARROLL, J.　The plaintiff was authorized by St. 1874, c. 191, to take water from Swan's Pond and Middleton Pond and to erect a system for collecting and distributing the same through the town of Danvers.　This statute, which was accepted by the plaintiff, also provided that nothing therein contained " shall effect any right of the town of Middleton to draw water from said Middleton Pond."　The ponds were connected by digging a conduit from Swan's Pond to a brook which flowed into Middleton Pond.　The plaintiff established and maintained a distributing system and supplied water to the inhabitants of the defendant town using the defendant's pipes and mains and selling the water at rates substantially similar to the rates charged its own inhabitants.

By St. 1910, c. 402, the defendant was authorized to supply itself and its inhabitants with water and to take so much of the water of Middleton Pond and Swan's Pond as it might require, with certain exceptions not material to the issue here involved.　Section 11 of this statute enacted: "When a new conduit is built connecting Middleton Pond with Swan's Pond the town of Middleton shall pay one fourth of the expense thereof and the town of Danvers shall pay the remainder."　Section 16 provided that the " act shall take effect upon its acceptance by a majority vote of the legal voters of the town of Middleton . . . within three years after its passage."　The statute was duly accepted by the inhabitants of the town.　At a town meeting, held March 22, 1911, water commissioners were elected; and from then until the time this action was brought, the town of Middleton has had a board of water commissioners entrusted with all the authority conferred by law and especially that conferred by St. 1910, c. 402.

After the enactment of St. 1910, c. 402, the plaintiff, by various conveyances, between March 18, 1912, and June 19, 1912, acquired the site in which a conduit was built.　The conduit, commenced in July, 1911, and finished in December, 1913, was built under the supervision of the Danvers Water

Commission; they selected the site, executed the contracts and took full charge of the construction. The action is in contract, to recover one fourth of the expense incurred by the plaintiff in building the conduit connecting Middleton Pond with Swan's Pond under § 11 of c. 402, St. 1910.

Neither the defendant nor its water commissioners knew, until the date of the writ in the action, that the plaintiff acquired the land for a site for the conduit or of the construction of the conduit. They did not request its construction, nor in any way participate in the work. The town of Middleton " never made any appropriation nor provided any money to pay any portion of the cost of the construction of said conduit and at no time from March 22, 1911, to the date of the writ in the present case, was there any net surplus derived from the income derived from the waterworks." The defendant never exercised any rights under St. 1910, c. 402, other than the acceptance of the statute and the appointment of water commissioners; and did nothing further in reference to acquiring or establishing its own water supply, " either by itself or in conjunction with the town of Danvers." The householders in the defendant town continued to take water from Danvers, which was sold at the same rate and in the same manner as if they were inhabitants of Danvers; and no contractual relations arose, after the statute was accepted, between the two towns; except that Middleton paid Danvers for water supplies to public buildings in Middleton the same as any other water taker and as had been done for a number of years prior to this time. In the Superior Court it was found that the items set forth in the account annexed were incurred by the plaintiff in building the conduit. The judge ruled that the plaintiff could not recover; he directed a verdict for the defendant, and reported the case to this court.

The plaintiff contends that, as it has built a new conduit connecting Swan's Pond with Middleton Pond since the passage of the statute and its acceptance by the defendant, it can recover the sum of $6,499.15 — one fourth of the cost of construction: and bases its claim on § 11 of the statute, which provides that, when a new conduit connecting the

two ponds is built, the defendant shall pay one fourth of the expense and the plaintiff the remainder. Its contention is that by accepting the statute in question, the defendant entered into a contract with the plaintiff and agreed to pay the plaintiff one fourth of the expense of the structure. St. 1910, c. 402, is entitled " An Act to authorize the town of Middleton to supply itself and its inhabitants with water." It gave the town general power to construct a water supply system for the extinguishment of fires, for domestic and other purposes; and authority to regulate the use of such water and to fix and collect rates to be paid therefor. The defendant was empowered to take from both ponds, for the purposes enumerated in the statute, so much of the waters thereof and of the waters which flow into and from the same as it may require; to acquire lands, rights of way and easements necessary for collecting, storing and conveying the water; and to erect structures and conduits. The statute provided for a water loan; and, to make such payments on the principal as may be required, an assessment was to be laid, in the same manner in which other taxes are assessed, until the debt incurred by the water loan was extinguished. Under § 9 no money could be expended· in new construction, except from the net surplus from the waterworks, unless the town appropriated money therefor. By § 10 the defendant, on completion of its system of waterworks or as soon as it shall have begun to supply its inhabitants with water, independently of the works of the town of Danvers was to pay to the town of Danvers one fourth of the expenses sustained by it on account of the payment of damages and costs for land situated on the margin of Middleton Pond and Swan's Pond, purchased or taken, for the ` purposes of preserving the purity of the waters thereof; and upon such payment the town of Danvers was to execute and record a declaration of trust concerning these lands and declaring that one undivided fourth part of the same is held in trust for the town of Middleton. The defendant by § 12 of the statute was prohibited from taking any of the land or easement already appropriated to the town of Danvers by St. 1874, c. 191, or interfering with the waterworks of

that town already constructed or which might hereafter be constructed or may be in process of construction by the town of Danvers; and by § 14 contracts for a supply of water might be made by the plaintiff and defendant through their boards of water commissioners.

The town of Danvers was not authorized, when a new conduit was built, to charge one fourth of the expense to the town of Middleton merely because of the fact that the voters of Middleton had accepted St. 1910, c. 402. The plaintiff could not improve its own water supply at the expense of the defendant, and by force of the statute require the defendant to contribute to the cost. The statute was passed as its title indicates to give authority to the defendant to supply itself with water, and to construct its own water supply system. It specifically provided that, although it could take water from Middleton Pond without payment of compensation to the town of Danvers and could lay its pipes and mains through the land taken or purchased under St. 1874, c. 191, it could not interfere with the waterworks of Danvers already constructed or afterwards constructed under that statute. St. 1910, c. 402, contemplated a separate, independent supply system, to be built and maintained by the defendant. As the defendant and plaintiff could take the waters of both ponds, a new conduit connecting them might be essential; but it was only in the event of the establishment of a separate system by the defendant that it was called upon to pay one fourth of the expense of such construction.

The plaintiff, acting under St. 1874, c. 191, has supplied water to its own inhabitants and to the inhabitants of the defendant town. As long as this was done and the defendant was supplied by the system owned by the plaintiff the defendant was not bound to pay for any part of the construction of the system or its maintenance. The mere acceptance of the statute of 1910 did not make the defendant a debtor to the plaintiff for work done on its own property. No time was designated within which the defendant was to begin operations. As we construe the statute, it was only when the authority of the statute was acted on by the defendant

supplying itself with water from its own system, and a new conduit was built, which would be for the advantage of both systems, that the defendant was required to pay one fourth of the expense. It was contemplated that a new conduit would be for the benefit of the defendant if it had a system of its own; but it was not intended that the burden of paying for it in part should be placed upon the defendant until the event took place and it decided to install its own supply.

Under § 5 of the statute the payment of all expenses incurred, under the authority given the defendant by the Legislature, was to be made by bonds, notes and scrip, to an amount not exceeding $100,000. It was not intended that this loan should be made or the bonds, notes and scrip issued, as provided in the statute, except for its own water system; and not for work and materials supplied in the construction of a system owned by the plaintiff and entirely under its control. The St. 1910, c. 402, is to be construed in the light of the end sought to be attained. Section 11 is not to be read by itself but in connection with the entire statute, considering its aim and purpose. It was enacted to give the defendant authority to supply itself with water; and if this were undertaken the plaintiff then would have the right to require the defendant to pay its proportionate part of the expense of construction. Even if the defendant decided to accept the authority given it by the statute, and should build its own system, and the plaintiff could build the new conduit without the consent or knowledge of the defendant, could determine the necessity of such construction and call upon the defendant to pay the designated proportion, which we do not decide, the plaintiff could not do this work at the expense of the defendant, when the defendant did not have a water supply system of its own, continued to purchase water from the plaintiff under St. 1874, c. 191, and had no control or interest in the conduit.

*Judgment for the defendant on the verdict.*